WALLACE, JUDGE:
At approximately 6:30 p.m. on November 30, 1977, the claimant, Harold Ray Stafford, was operating his 1970 Ford 250 four-wheel-drive truck in a westerly direction on West Virginia Route 10 from the community of Nibert, West Virginia, to the City of Logan, West Virginia. The claimant testified that the weather was clear and that he was travelling at a speed of about 35 miles per hour when his right front tire struck a water-filled hole in the two-lane, asphalt highway. Claimant further testified that this hole was six feet long, 38 inches wide, and Mila inches deep, and that the damage to his vehicle was in the amount of $917.50.
Claimant was alone in the truck, and was travelling from Nibert to Logan to pick up his brother-in-law. He testified that he had been over this road six weeks prior to the accident but had not observed any potholes, just water. Claimant stated that he was unable to swerve to avoid the water due to oncoming traffic.
This Court has often held that the user of the highway travels at his own risk, and that the State does not and cannot assure him a *55 safe journey. Adkins v. Sims, 130 W. Va. 645, 46 S.E.2d 81 (1947). However, it is also true that the respondent does owe a duty of exercising reasonable care and diligence in the maintenance of the State’s highways, and if the respondent knows or should have known of a defect in the highway, it must act within a reasonable time to remedy such defect.
This accident occurred at dusk, and the claimant had no prior knowledge of the existence of the pothole. West Virginia Route 10 is one of the principal roads connecting the City of Logan with points south, and we believe that a heavily-travelled highway merits more attention from a maintenance standpoint than one that is less frequently used. It seems rather obvious that a hole six feet long, 38 inches wide, and 14V2 inches deep did not appear suddenly, and must have been in existence for some time prior to claimant’s mishap.
Believing that the respondent had constructive notice of the existence of this defect in the highway, and that the respondent’s negligence in not making the necessary repairs was the proximate cause of the damage to the claimant’s vehicle, we hereby make an award to the claimant in the amount of $917.50.
Award of $917.50.